IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Catherine Brown,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 2:04-2378-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **Marriott International, Inc.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

This matter is before the Court on the defendant's motion to vacate entry of default and dismiss the action for the lack of personal jurisdiction.

On July 20, 2002, the plaintiff fell while showering in a hotel room in a Courtyard by Marriott located in Lyndhurst, New Jersey. On July 19, 2004, the plaintiff commenced this action alleging that the defendant's negligence caused her personal injuries. The defendant is Marriott International, Incorporated, a Delaware corporation. The plaintiff's process server, a deputy sheriff with the New Castle County Sheriff's Department in Delaware, incorrectly served the registered agent for Marriott International, LLC, a different entity. The deputy sheriff executed an affidavit of service stating that she had properly served the secretary of the registered agent for Marriott International, Inc.

The defendant did not answer the complaint. On January 3, 2006, the plaintiff requested the Clerk to enter default. On June 5, 2006, the defendant moved to set aside the entry of default based on the plaintiff's failure of service. The defendant also moved to dismiss for improper service and the lack of personal jurisdiction. The plaintiff initially opposed the motion.

On July 17, 2006, the Court heard the motions. During the hearing, the plaintiff agreed

that the entry of default should be set aside. In addition, the Court raised the issue of whether, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, it should extend the time for the plaintiff to serve the defendant. Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. . . .

Rule 4(m) goes on to state that "[i]f the plaintiff shows good cause for the failure [to serve the summons and complaint], the court shall extend the time for service for an appropriate period."

The Fourth Circuit Court of Appeals has held that Rule 4(m) requires a showing of good cause to extend the time for service. Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir. 1995). Consequently, the Court must determine whether the plaintiff demonstrates good cause to extend the time for service.[1] The parties have briefed the issue, and this matter is ready for disposition.

The plaintiff's failure to properly serve the defendant was based on the mistake of the process server. In addition, the defendant has not shown prejudice resulting from granting the plaintiff an extension of time to serve the defendant. The plaintiff has offered a good faith and reasonable basis for failing to timely serve the defendant, and dismissing the case would be an unfair result based on the lack of prejudice to the defendant. The Court holds that good cause exists to extend the time for service.[2]

---

[1] The text of Rule 4(m) appears to permit a court the discretion to extend the time to serve without a showing of good cause. After the Fourth Circuit Court of Appeals decided Mendez, the Supreme Court issued a decision in which it states, in dictum, that extensions under Rule 4(m) are discretionary and do not require a showing of good cause. See Henderson v. United States, 517 U.S. 654, 663 (1996). The Court holds that good cause exists in this case, and it does not need to decide whether the Supreme Court overruled Mendez.

[2] This order does not address the tolling of the applicable statute of limitations.

Accordingly, pursuant to Rule 4(m), the Court grants the plaintiff thirty days to serve the defendant. In addition, the Court grants the defendant's motion to set aside entry of default and denies, without prejudice, the motion to dismiss for the lack of personal jurisdiction.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 7, 2007
Charleston, South Carolina