# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Catherine Brown,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 2:04-2378-CWH** |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **Marriot International, Inc.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

On July 20, 2002, the plaintiff fell while showering in a hotel room in the Courtyard by Marriott located in Lyndhurst, New Jersey. On July 19, 2004, the plaintiff filed this action alleging that the defendant's negligence caused her personal injuries. The defendant is a Delaware corporation. The plaintiff attempted to serve the defendant's registered agent in Delaware but served the wrong agent.[1]

The defendant did not answer the complaint, and on January 3, 2006, the plaintiff requested the Clerk to enter default. On June 5, 2006, the defendant moved to set aside default and dismiss the action for the lack of personal jurisdiction. On July 17, 2006, the Court heard the motion. At the hearing, the plaintiff agreed to set aside default. The Court required the parties to submit supplemental briefs regarding whether the Court should dismiss the action for the plaintiff's failure to serve the defendant. The parties submitted additional briefs. On March 7, 2007, the Court issued an order extending the time for the plaintiff to serve the defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and denying the motion to dismiss

---

[1] The defendant is Marriott International, Inc. The plaintiff served the registered agent for Marriott International, LLC, a different entity.

for the lack of personal jurisdiction. On April 6, 2007, the plaintiff served the defendant.

On April 26, 2007, the defendant filed a motion under Rule 12(b)(6) to dismiss the case. The defendant alleges that the action is barred by South Carolina's statute of limitations applicable to negligence actions. On May 14, 2007, the plaintiff responded. This matter is now ready for disposition.

    1.    South Carolina's statute of limitations for personal injury actions

South Carolina's statute of limitations provides that an action for personal injury must be **commenced** within three years after the person knows or in the exercise of reasonable diligence should have known that he had a cause of action. S.C. Code §§ 15-3-510, 15-3-530(5), and 15-3-535 (emphasis added).[2] The plaintiff fell on July 20, 2002. The plaintiff does not dispute that the negligence action accrued on July 20, 2002. Consequently, to comply with said statute of limitations, the plaintiff must have commenced the action by July 20, 2005.

    A.    Commencement of an action

Rule 3 of the Federal Rules of Civil Procedure ("Federal Rule 3") states that an action is commenced by filing a complaint. The plaintiff filed the complaint on July 19, 2004, within the statute of limitations. If the Court follows Federal Rule 3, the plaintiff has commenced the action within three years. However, Rule 3 of South Carolina's Rules of Civil Procedure ("South Carolina Rule 3") provides that an action is commenced when the summons and complaint is filed if:

---

[2] Although the plaintiff's injury occurred in New Jersey, a South Carolina state court would apply South Carolina's statute of limitations. State v. Southern Farm Bureau Life Ins. Co., 219 S.E. 2d 80, 85 (S.C. 1975). As a result, the Court must apply South Carolina's statute of limitations. Sokolowski v. Flanzer, 769 F.2d 975, 977 (4th Cir. 1985).

    (1)    the summons and complaint are served within the statute of limitations in any manner prescribed by law; or

    (2)    if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

The plaintiff served the defendant on April 6, 2007, which is more than 120 days after filing the action and after the statute of limitations expired. Therefore, under South Carolina Rule 3, the plaintiff has not commenced the action within three years.

    B.    A court sitting in diversity must apply state law to determine when an action is commenced for the purposes of a state statute of limitations

In Walker v. Armco Steel Corp., the United States Supreme Court held that a federal court exercising diversity jurisdiction in a state that requires service of a summons and complaint to commence an action must apply the state's commencement rule to determine if a state created cause of action is barred by the state's statute of limitations. 446 U.S. 740, 752-753 (1980). Applying South Carolina Rule 3, the plaintiff has not commenced the action within the three year statute of limitations.[3] Consequently, the action is untimely.

    2. Tolling the statute of limitations

The plaintiff requests that the Court toll the limitations period because she served the incorrect agent based on inaccurate information provided by the state of Delaware. The plaintiff cites no South Carolina authority allowing courts to toll its statute of limitations. In addition, even applying the Fourth Circuit Court of Appeals' tolling laws, the Court holds that the plaintiff fails to demonstrate grounds to toll the limitations period.

The Fourth Circuit Court of Appeals allows equitable tolling in two types of

---

[3] Because the Court must apply South Carolina Rule 3 to determine when the plaintiff commenced this action, extending the time to serve the defendant pursuant to Federal Rule 4(m) affords no relief to the plaintiff.

circumstances: (1) when a plaintiff is prevented from asserting the claims by some kind of wrongful conduct on the part of the defendant[4] or (2) when extraordinary circumstances beyond a plaintiff's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). An invocation of equity to relieve the strict application of a statute of limitations should be infrequent. Id.

    The plaintiff filed the complaint on July 19, 2004. The defendant, a large corporation which is unlikely to default, did not answer, and the case remained dormant until the plaintiff requested the Clerk to enter default on January 3, 2006. The defendant's failure to answer put the plaintiff on notice of the possibility that the summons and complaint had not been properly served. Moreover, the plaintiff had nearly a year to make this determination before the statute of limitations expired on July 19, 2005. The Court holds that the plaintiff fails to demonstrate that circumstances beyond her control made properly serving the defendant within the limitations period impossible.

This action is barred by South Carolina's three year statute of limitations. Consequently, the Court dismisses the action.

**AND IT IS SO ORDERED**.

_C. Weston Houck_
_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

June 22, 2007
Charleston, South Carolina

---

[4] The plaintiff does not allege that the defendant's wrongful conduct caused her to serve the wrong agent.